Ejectment [by Waters' and Scott's lessee] for a city lot sold to the plaintiff's lessor by the trustee under a deed of trust from the defendant [William Butler] to secure a debt due by him to the plaintiff's lessor.

Mr. Marbury, for the defendant. The verbal notice to quit, given by Mr. Fendall, was less than three months. A mortgagor in possession is entitled to notice; but here,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

also, was a covenant that the grantor should retain possession until a sale should become necessary according to the terms of the deed of trust. This is not under a decree of foreclosure, which severs the privity of contract between mortgagor and mortgagee.

Mr. Wallach, contra. There the relation of landlord and tenant does not exist; and where the defendant claims to hold in fee, notice is not necessary. But the notice is sufficient. The time is not material. Notice is not necessary where the relation of landlord and tenant does not exist. 1 Wheat. Selw. 585; Jackson v. Chase, 2 Johns. 84; Jackson v. Fuller, 4 Johns. 215; Jackson v. Deyo, 3 Johns. 422; 13 Johns. 106; 2 Johns. 353.

THE COURT (MORSELL, Circuit Judge, doubting) refused to instruct the jury, that three months notice to quit was necessary; being of opinion that no notice was necessary, because the relation of landlord and tenant did not exist, and that, if it did, the tenancy was only until a sale should become necessary, and ended when the sale was made. The end of the tenancy was certain, because it could be rendered certain.

Verdict for the plaintiff.